```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOANN ZABALA,                                         :
                                                      :
                            Plaintiff,                :
                                                      :                    ORDER
             -against-                                :
                                                      :               23 Civ. 1596 (VMS)
COMMISSIONER OF THE SOCIAL SECURITY                   :
ADMINISTRATION,                                       :
                                                      :
                            Defendant.                :
                                                      :
-------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action for judicial review of an administrative decision of the Commissioner of Social Security regarding Plaintiff's application for disability insurance benefits. Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). For the reasons stated below, Plaintiff's motion is granted in part and denied in part, and Plaintiff is awarded $12,745.62 in attorney's fees.

**I.    BACKGROUND**

On March 1, 2023, Plaintiff Joann Zabala filed this action appealing a denial of Social Security disability insurance benefits, pursuant to 42 U.S.C. § 405(g). See ECF No. 1. Pursuant to Federal Supplemental Rule 4(b) for Social Security Actions under 42 U.S.C. § 405(g), Defendant answered Plaintiff's complaint by providing the full administrative transcript of Plaintiff's case. See ECF No. 8. Plaintiff moved for judgment on pleadings three months later. See ECF No. 13. The parties consented to the jurisdiction of the undersigned for all proceedings. See ECF No. 11.

The parties then jointly moved to remand this action to the Social Security Administration "for further evaluation of the medical opinion evidence." ECF No. 14. The

1

Court granted the parties' motion. See 11/6/2023 Order. On November 7, 2023, the Clerk of Court entered judgment in favor of Plaintiff and ordered Defendant, on remand, to "offer [Plaintiff] an opportunity for a hearing, take further action to complete the administrative record, and issue a new decision." ECF No. 15.

On February 5, 2024, Plaintiff served a motion for attorney's fees under the EAJA on Defendant and filed a letter confirming service with the Court that same day. See ECF No. 16. Plaintiff filed her motion with the Court on February 27, 2024. See ECF No. 17. Plaintiff sought $11,227.34 in fees for 46.6 attorney work hours and $770.00 in fees for 7.7 paralegal work hours, for a total fees award of $11,997.34. See Olinsky Aff. ¶ 9, ECF No. 17-1. Following an extension, Defendant filed a motion in opposition, requesting that Plaintiff's "request for 46.6 attorney hours . . . be reduced to 35 hours at an hourly rate of $240.93, and paralegal hours . . . be reduced to 5 hours at an hourly rate of $100, resulting in a reduction of $3,064.79, for a total EAJA fee award of $8,932.55." Def.'s Opp. Mot. at 9, ECF No. 19. Plaintiff's reply asked the Court to grant the full fee award in Plaintiff's earlier motion, with an additional award of $1,108.28, representing 4.6 attorney work hours to draft Plaintiff's reply brief. See Pl.'s Reply Mot. at 10, ECF No. 20. In total, Plaintiff seeks $13,105.62 in attorney's fees. See id.

## II. LEGAL STANDARD

The EAJA permits an award of attorney's fees and costs to the prevailing party in a disability benefits case, absent a finding that the government's position was "substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A). A plaintiff is deemed the prevailing party in a disability benefits action that is remanded to the Commissioner of Social Security. See, e.g., Kottwitz v. Colvin, 114 F. Supp. 3d 145, 149 (S.D.N.Y. 2015). "[Attorney's] fees under the EAJA are

determined by considering the number of hours expended on the litigation, multiplied by the hourly rate, which is capped by statute."[1] Chambers v. Comm'r Soc. Sec., No. 19 Civ. 2145 (RWL), 2021 WL 791327, at *2 (S.D.N.Y. Mar. 1, 2021) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)). "Attorneys are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary." Salvo v. Comm'r Soc. Sec., 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010).

### A.  Counsel's Total Hours Spent Reviewing The Record And Drafting A Brief

A district court has "broad discretion" to determine whether an attorney's stated hours worked are reasonable. Aston v. Sec'y Health & Hum. Servs., 808 F.2d 9, 11 (2d Cir. 1986). For "routine social security cases[,]" courts in the Second Circuit have found a range of twenty to forty hours to be reasonable. Padula v. Colvin, 602 F. App'x 25, 28 (2d Cir. 2015) (citation omitted) (summary order); see Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) (collecting cases); Colegrove v. Barnhart, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006). Nevertheless, "[w]here the facts of a specific case warrant it, courts do not hesitate to award fees in excess of the routine twenty to forty hours." Colegrove, 435 F. Supp. 2d at 220 (finding over 95 hours of attorney billed time reasonable, "considering the size of the administrative transcript (over 1,100 pages), the complicated procedural history of this case, and the substantive issues

---

[1] The EAJA states that "attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's counsel seeks an hourly rate of $240.93 for attorneys, based on cost-of-living calculations from the Bureau of Labor Statistics' Consumer Price Index, and $100.00 for paralegals. See Olinsky Aff. ¶ 9; Pl.'s Mot. Ex. B, ECF No. 17-3. Defendant does not object to these proposed hourly rates. See Def.'s Opp. Mot. at 9 (requesting that the Court reduce the attorney's fees award based on the attorney and paralegal hours worked, but leaving the hourly rate as Plaintiff's counsel proposed). Given that this hourly rate is significantly lower than rates approved in this District for comparable legal work in other practice areas, the Court finds that these hourly rates are reasonable for attorneys and paralegals.

3

involved"). "Factors that may justify a larger award include the factual and legal complexities of the case, the size of the administrative record, whether counsel represented the plaintiff during the administrative proceedings, and the efficacy of the attorney's efforts." Santiago v. Comm'r Soc. Sec., No. 19 Civ. 4001 (KPF) (KNF), 2020 WL 7335310, at *3 (S.D.N.Y. Dec. 14, 2020) (internal citations & quotation marks omitted).

Even though "the length of the administrative record is not dispositive in determining the number of hours reasonably worked," Banks v. Berryhill, No. 10 Civ. 6462 (KMK) (JCM), 2017 WL 3917141, at *4 (S.D.N.Y. June 30, 2017), report & recommendation adopted, 2017 WL 3923676 (S.D.N.Y. Sept. 6, 2017), "[c]ourts have awarded attorney's fees of more than 40 hours where the administrative record is voluminous." Rehman v. Kijakazi, No. 20 Civ. 7949 (ALC), 2024 WL 1598211, at *1 (S.D.N.Y. Apr. 12, 2024). Courts have found hours worked over forty hours reasonable when the administrative record in the case is over 1,000 pages long, even when "the legal issues implicated . . . were not especially complex," as "counsel was required to scour that record" in order to litigate the action successfully. Cautillo v. Berryhill, No. 17 Civ. 1356 (KPF) (DCF), 2019 WL 1147598, at *3-4 (S.D.N.Y. Mar. 12, 2019) (finding 43.9 hours of attorney work to be reasonable, even with simple legal issues, in part because the administrative record was 1,551 pages long); see Mack v. Kijakazi, No. 20 Civ. 2722 (RA) (SLC), 2023 WL 2919125, at *2 (S.D.N.Y. Apr. 12, 2023) (finding 60.6 hours of total attorney time reasonable in a case with a 2,733 page administrative record); Price v. Comm'r Soc. Sec., No. 19 Civ. 8499 (JPO), 2022 WL 1567463, at *2 (S.D.N.Y. May 18, 2022) (finding 57.9 hours of attorney time reasonable, even though the plaintiff's counsel had previously represented the plaintiff in prior administrative proceedings, because the administrative record was 1,551 pages long and counsel "did not have access to the certified administrative record until after the Commissioner filed its

4

answer in this action"); Santiago, 2020 WL 7335310, at *4 (finding 47.7 hours of attorney time to be reasonable in part because the administrative record was 1,113 pages long and "counsel was required to scour that record in order to make seven distinct arguments regarding errors made by the ALJ"); Rivera Hernandez v. Comm'r, Soc. Sec. Admin., No. 19 Civ. 4025 (PAE) (KHP), 2020 WL 2765866, at *3-4 (S.D.N.Y. May 28, 2020) (finding an administrative record of over 2,000 pages "hardly typical" and that the "[p]laintiff's counsel has provided sufficient justification for the 70.5 hours expended on this case"); Rodriguez v. Colvin, No. 3:15 Civ. 1037 (JCH), 2016 WL 4126416, at *2 (D. Conn. Aug. 3, 2016) (reducing an award of attorney's fees by two hours, from 42.2 to 40.2 hours, for time spent reviewing a 4,502-page administrative record and drafting a brief because the legal issues raised were not complex, "a significant portion of the [brief] appears to incorporate the medical chronology contained in [the] plaintiff's statement of material facts" and counsel had "represented [the] plaintiff during the administrative proceedings, and therefore should have had at least a working knowledge of the administrative record"). Even if the administrative record contains many duplicate pages, counsel still must "examine the transcript thoroughly to determine what [is] relevant and what [is] duplicative." Tillack v. Berryhill, No. 15 Civ. 6306 (FPG), 2017 WL 3976308, at *2 (W.D.N.Y. Sept. 11, 2017).

A lengthy administrative record is relevant to a court's review of the reasonableness of an attorney's hours worked, regardless of that attorney's experience. Because "it takes time to comb through medical records, some of which are hard to read, and to prepare a brief[,]" courts have rejected arguments that having experienced counsel on the case "alone should justify a reduction of hours." Hairston v. Comm'r Soc. Sec., No. 20 Civ. 5600 (KHP), 2022 WL 3700143, at *3 (S.D.N.Y. Aug. 26, 2022) (citations omitted); see Santiago, 2020 WL 7335310,

5

at *4 (finding that "counsel's extensive experience would not substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record").

### B. Counsel's Hours Spent On Individual Tasks

In addition to a general inquiry regarding the reasonableness of counsel's hours worked in a motion for attorney's fees, court also review counsel's individual time records for reasonableness. Not all tasks in a civil litigation merit an award of attorney's fees. For example, a court may remove hours spent performing clerical tasks, which are "not compensable under the EAJA, regardless of who performs them[,]" from an attorney's fees award. Rachel D. v. Comm'r Soc. Sec., No. 23 Civ. 6150 (DGL), 2024 WL 3948000, at *2 (W.D.N.Y. Aug. 27, 2024) (defining "clerical tasks" as "those that require little or no performance of substantive legal tasks, while non-clerical tasks are those that involve some aspect of legal work, whether performed by a lawyer or other source" (quotation omitted)); Kottwitz, 114 F. Supp. 3d at 151-52. Administrative tasks such as reviewing and preparing papers "which require[] no legal skill or knowledge" and formatting documents are considered clerical. See Rachel D., 2024 WL 3948000, at *2 (collecting cases); Yulfo-Reyes v. Berryhill, No. 3:17 Civ. 2015 (SALM), 2019 WL 582481, at *3 (D. Conn. Feb. 13, 2019) (citations omitted). A task that has a "clerical element" may nevertheless be compensable if the attorney "bill[s] not for the clerical task but rather for his direct involvement in, or supervision of, a legally substantive task." Salvo, 751 F. Supp. 2d at 675.

Inefficient or vague time records may also lead to a reduction in an attorney's fees award. Courts will decline to award attorney's fees if there is a "duplication of efforts," in which multiple professionals perform the same tasks. Padula, 602 F. App'x at 28; see Patterson v.

6

Comm'r Soc. Sec., No. 20 Civ. 4591 (SN), 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021) (finding two attorneys' work not to be duplicative when "the records indicate that the two attorneys working on [the plaintiff's] case did not work at the same time and had discrete tasks"). An award of attorney's fees may receive an "across-the-board percentage reduction in hours" if counsel's time entries are "block-billed[,]" as consolidated time entries "may hinder the Court's ability to determine whether the fees are reasonable[.]"  Forrest v. Colvin, No. 15 Civ. 1573 (KPF), 2016 WL 6892784, at *4 (S.D.N.Y. Nov. 21, 2016) (quotations omitted).

### C. Hours Spent In Attorney's Fees Litigation

The EAJA "cover[s] the cost of all phases of successful civil litigation addressed by the statute."  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 166 (1990).  This includes disputes over attorney's fees.  See id. at 162-166; Rachel D., 2024 WL 3948000, at *3 (noting that the EAJA covers "fees for time reasonably spent on a reply brief"); Vasquez v. Comm'r Soc. Sec., No. 21 Civ. 1373 (BCM), 2023 WL 4535132, at *4 (S.D.N.Y. July 13, 2023).  Courts have found between four and six attorney hours spent writing a reply brief in an attorney's fees dispute under the EAJA to be reasonable.  See Rachel D., 2024 WL 3948000, at *3 (finding 4.3 hours of attorney time reasonable for writing a reply brief); Adam M. v. Comm'r Soc. Sec., No. 23 Civ. 1203 (EAW), 2024 WL 2931199, at *3 (W.D.N.Y. June 11, 2024) (awarding attorney's fees for 5.2 hours spent writing a reply brief); Barbour, 993 F. Supp. 2d at 292 (finding reasonable 4.5 attorney hours spent writing a reply brief); Pereira v. Astrue, 739 F. Supp. 2d 267, 269, 272 (E.D.N.Y. 2010) (awarding attorney's fees based on 6.2 attorney hours writing a reply brief).

### III. DISCUSSION

Defendant argues that Plaintiff's counsel's hours spent "reviewing the record, researching, drafting, and editing the brief" are unreasonable, given counsel's experience, the

7

simplicity of the legal issues presented and the early resolution of the case. Def.'s Opp. Mot. at 5-7. Defendant also objects to several individual time entries as involving duplicative work, non-compensable clerical tasks and one instance of block-billing. Id. at 6-8. In response, Plaintiff argues that the total hours spent in this litigation were reasonable, and that all of Plaintiff's counsel's time entries are compensable. See Pl.'s Reply Mot. at 6-10. Plaintiff also asks the Court to award additional attorney's fees for 4.6 hours spent writing Plaintiff's reply brief. See id. at 10.

The Court will first examine the total hours Plaintiff's counsel spent reviewing the record and drafting Plaintiff's brief, and then review the individual time entries to which Defendants objected. The Court will also consider the hours spent on Plaintiff's reply brief.

### A. The Length Of Time To Review The Administrative Record And Draft The Brief

Defendant's chief objection to Plaintiff's attorney's fees motion is that Plaintiff's counsel spent "44.5 attorney hours . . . reviewing the record, researching, drafting, and editing just one brief." Def.'s Opp. Mot. at 5. Defendant also notes that Plaintiff's counsel "billed for 27 hours spent simply for reviewing the [administrative record]." Id. at 4. As Defendant acknowledges, however, the administrative record in this case is over 2,700 pages long.[2] See id. This is a "voluminous" administrative record, and courts have found about two dozen hours expended reasonable to review records of similar lengths. Rehman, 2024 WL 1598211, at *1; see Lisa S.

---

[2] The parties disagree as to the exact length of the administrative record in this case; Plaintiff states that the record is 2,730, 2,739 and 2,793 pages long at various points in her reply, whereas Defendant says the record is 2,747 pages long. See Pl.'s Reply Mot. at 1-2, 4-6, 8-10; Def.'s Opp. Mot. at 4. Excluding the cover sheet and initial table of contents at Exhibit part 1, the Court notes that the administrative record on the docket is 2,753 pages. See ECF Nos. 8 – 8-14 (2,761 pages minus eight pages). These page count discrepancies in the administrative record are minor compared to the total volume of pages in the record.

v. O'Malley, No. 5:22 Civ. 1312 (BKS) (ATB), 2024 WL 4710705, at *2 (N.D.N.Y. Nov. 7, 2024) (finding 22.9 attorney hours worked reviewing a 2,373-page administrative record to be reasonable); Rivera Hernandez, 2020 WL 2765866, at *3 (finding "approximately 25.2" attorney hours worked reviewing an administrative record of "over 2,000 pages" to be reasonable).

In an effort to downplay the length of the administrative record, Defendant argues that "the record includes a significant amount of duplicative or redundant medical evidence," and that it "contain[s] a number of pages pertaining to the period prior to [Plaintiff's] June 2015 alleged onset date." Def.'s Opp. Mot. at 4, 5 n.1. These arguments are not convincing. Even if many pages in the administrative record are duplicative or irrelevant, counsel still must "scour" every page in the record to determine whether the information present would help or harm Plaintiff's case. Cautillo, 2019 WL 1147598, at *3. Furthermore, it is not enough to simply read the record; it is the job of counsel analyze each page and take contemporaneous notes, to determine which aspects of the record should be subject to argument and cited in the final brief. As, by Defendant's acknowledgement, the administrative record contains "approximately 1,885 pages of medical evidence," a proper analysis of such a record reasonably would have taken many hours of attorney effort. Def.'s Opp. Mot. at 4; see Hairston, 2022 WL 3700143, at *3 (noting that medical records can be "hard to read"). Given the length of the administrative record in this case and the hours spent reviewing the record, Defendant's arguments that Plaintiff's counsel's hours should be reduced are unavailing.

Furthermore, because a detailed review of the record is time-consuming even for experienced attorneys, the Court will not reduce Plaintiff's attorney's fees award because of Plaintiff's counsel's experience. See Santiago, 2020 WL 7335310, at *4.

9

The relative simplicity of the legal issues in this case do not justify a reduction in attorney's fees, as the time spent conducting legal research in this case was relatively minor. Defendant claims that the legal issues in Plaintiff's brief "should not have involved any significant legal research . . . and do not justify such a significant departure from the typical 20 to 40-hour guideline range." Def.'s Opp. Mot. at 5. The Court notes that Plaintiff's counsel did not spend very much time on legal research in this case. In counsel's time sheet, only one entry mentions legal research, which was performed contemporaneously with drafting the argument section of Plaintiff's brief. See 8/14/2023 Entry of Kaelin Richard, Esq. ("Richard Entry"), ECF No. 17-4.[3] In this entry, counsel Richard spent only 8.4 hours in a joint effort of research and drafting 15 pages of a 25-page brief. See id.; Pl.'s Brief at 11-25, ECF No. 13. The Court finds this effort expended to be reasonable.

Similarly, the Court does not find that Plaintiff's counsel's hours should be reduced because of the swift resolution of this case. As Defendant notes, Plaintiff's counsel spent 46.6 hours of attorney time on this matter, 44.5 hours of which were spent reviewing the record and drafting the brief. See Def.'s Opp. Mot. at 3, 5; Pl.'s Mot. Ex. D, ECF No. 17-5. The vast majority of the attorney hours spent on this case were devoted to reviewing the lengthy administrative record and distilling the record into a brief, which ultimately led to a favorable resolution for Plaintiff. This is a reasonable division of time.

---

[3] All individual time entries mentioned in this Order are taken from Exhibit C in Plaintiff's motion ("Pl.'s Mot. Ex. C"), at ECF No. 17-4.

### B. Clerical Tasks And Inefficiencies

In addition to making general objections regarding the hours Plaintiff's counsel spent litigating this case, Defendant also challenges specific time records as deficient or non-recoverable. The Court will address each time record in turn.

The Court declines to reduce Plaintiff's counsel's award of attorney's fees based on the number of professionals assigned to the case. Defendant argues that Plaintiff's counsel unnecessarily had "three attorneys separately review[] the record on appeal." Def.'s Opp. Mot. at 6-7. The time entries that Defendant cites to support this argument are entered months apart and reviewed different portions of the record with different litigation objectives. See id.; 2/23/2023 Entry of Edward Wicklund, Esq. (reviewing the record "to determine whether to appeal case"); 6/13/2023 Entry of Howard D. Olinsky, Esq. (reviewing the record to "assign attorney [brief] writer"); 8/4/2023 Richard Entry (substantively reviewing the record to draft the brief). Defendant's contention that "two separate paralegals charged for phone calls with the client" is similarly unpersuasive. Def.'s Opp. Mot. at 7. The paralegals in question discussed different matters with Plaintiff on these telephone calls, with different litigation objectives. See id.; 2/23/2023 Entry of Craig Lewis (describing a telephone call with Plaintiff regarding the "completion of [a] federal debt check" and to explain the EAJA); 2/23/2023 Entry of Kristen Harrington ("Harrington Entry") (speaking with Plaintiff on the telephone to discuss his in forma pauperis application). Having reviewed counsel's timesheets, the Court does not find that Plaintiff's counsel engaged in a "duplication of efforts[.]" Padula, 602 F. App'x at 28.

The Court also declines to reduce Plaintiff's fees award based on Defendant's objection that counsel Richard's August 14, 2023, time entry is "deficient" and "block-billed[.]" Def.'s Opp. Mot. at 6 (citation omitted); see 8/14/2023 Richard Entry. Although the Court notes that

11

counsel Richard combined two tasks in the same time entry, this is the only entry on Plaintiff's counsel's time sheet that mentions either legal research or argument drafting. See generally Pl.'s Mot. Ex. C. The Court finds that 8.4 hours in total is a reasonable amount of time to spend researching and drafting the argument section of Plaintiff's brief. See 8/14/2023 Richard Entry. As Plaintiff argues, the contemporaneous research and drafting work may have been a more efficient use of counsel Richard's time. See Pl.'s Reply Mot. at 6. Certainly, these analytical activities are inherently intertwined, and the Court will not require an artificial division of an attorney's work processes in order to justify compensation. This entry does not warrant an "across-the-board percentage reduction" in attorney's fees. Forrest, 2016 WL 6892784, at *4 (quotation omitted).

Defendant also objects to the several time entries spent on allegedly clerical tasks, as is set forth below.

| Date | Hours | Professional | Description of Work |
| --- | --- | --- | --- |
| 2/23/2023 | 0.6 | Paralegal | FDC contract and other rep documents prepared for Client completion |
| 2/28/2023 | 0.3 | Paralegal | FDC contract and other rep docs returned via AssureSign, reviewed for completion |
| 3/1/2023 | 0.7 | Attorney | Draft complaint and civil cover sheet |
| 3/1/2023 | 0.1 | Attorney | Review motion for leave to proceed in forma pauperis, approve for filing |
| 3/9/2023 | 0.2 | Attorney | Note case assigned to Judge Rachel P. Kovner, research indiv. rules and practices |
| 3/17/2023 | 0.1 | Attorney | Review notice of appearance by Daniella Marie Calenzo o/b/o Commissioner of SS |
| 5/26/2023 | 0.1 | Attorney | Review and execute magistrate consent form |
| 6/10/2023 | 2.7 | Paralegal | Combine, OCR [Optical Character Recognition], and live bookmark Federal Court transcript (2739 pages) |

Def.'s Opp. Mot. at 7-8; see Pl.'s Mot. Ex. C. Although the Court agrees that the challenged paralegal entries are clerical, the objected-to attorney entries are substantively legal and are therefore compensable.

12

Plaintiff argues that "the task of combining, OCR'ing, and live bookmarking the federal court transcript should be compensable as this work is critical to saving time in review of the record and requires paralegals to understand the various components of a Social Security transcript." Pl.'s Reply Mot. at 9-10.  Plaintiff also claims that reviewing the FDC contract is necessary for counsel's legal representation, as errors in the contract "could negatively impact representation and a client's understanding of the scope of [c]ounsel's representation." Id. at 8. Neither of these arguments capture the necessary distinction between clerical and non-clerical work.  The relevant inquiry in whether a task is compensable is not whether it saves time or whether it requires an understanding of a legal document, but whether "substantive legal tasks" are being performed.  Rachel D., 2024 WL 3948000, at *2 (quotation omitted).  The work of formatting a document for easier review does not require legal knowledge or skill to complete. Similarly, although reviewing a contract "for completion" is tangentially related to a legal task, it is not substantively legal.  See 2/23/2023 Harrington Entry; 2/28/2023 Harrington Entry. Plaintiff does not argue that paralegal Harrington reviewed any of the legal provisions in the FDC contract for their substance.  See Pl.'s Reply Mot. at 8.  The Court will therefore subtract these clerical tasks from the hours for which Plaintiff's counsel seeks compensation.

The remaining tasks to which Defendant objects, however, are compensable.  Drafting a pleading, even a straightforward one, is a legal task.  Similarly, reviewing a motion, the individual rules and practices of a District Judge, a Magistrate Judge consent form and the appearance of opposing counsel in an action all may reasonably be considered legal work as these review tasks may incorporate strategic thinking about how to best represent a client. Certainly the Court would expect an attorney or a case to have considered each of these issues as the case progressed, and it would likely be unprofessional for such tasks to be fully delegated to

13

a paralegal. While these challenged review entries may contain "clerical element[s]," the minimal time recorded in each entry suggests that counsel only billed for the legally substantive portions of the relevant tasks. Salvo, 751 F. Supp. 2d at 675. The Court also notes that Plaintiff's counsel has listed that twenty-three out of fifty-two entries in Plaintiff's original motion took zero hours of work to complete, indicating that counsel has already taken the time to remove clerical tasks from the total calculation of hours in Plaintiff's fees application. See Pl.'s Mot. Ex. C. With three exceptions, the Court agrees with Plaintiff's counsel's assessment of which tasks are clerical and not compensable and which tasks are legal and compensable.

The Court will reduce Plaintiff's attorney's fees award by the hourly amounts listed below. All calculated rates are rounded to the nearest penny.

| Date | Hours | Professional | Hourly Rate | Total Rate | Description of Work |
|---|---|---|---|---|---|
| 2/23/2023 | 0.6 | Paralegal | $100.00 | $60.00 | FDC contract and other rep documents prepared for Client completion |
| 2/28/2023 | 0.3 | Paralegal | $100.00 | $30.00 | FDC contract and other rep docs returned via AssureSign, reviewed for completion |
| 6/10/2023 | 2.7 | Paralegal | $100.00 | $270.00 | Combine, OCR [Optical Character Recognition], and live bookmark Federal Court transcript (2739 pages) |

Accordingly, the Court will reduce the award of attorney's fees by a total of 3.6 paralegal hours, for a $360.00 reduction in fees.

Accounting for these reductions, the Court finds that an award of $11,637.34 attorney's fees is reasonable, prior to the hours computed for time spent preparing Plaintiff's reply brief for this motion.[4]

---

[4] $11,997.34 - $360.00.

### C.     Plaintiff's Motion For Fees For Writing The Reply

Plaintiff seeks an additional $1,108.28 for preparing the reply brief in this motion. See Pl.'s Reply Mot. at 10. This work is compensable under the EAJA. See, e.g., Vasquez, 2023 WL 4535132, at *4 (citations omitted). Plaintiff's counsel spent 4.6 attorney hours preparing this brief. See Pl.'s Reply Mot. Ex. 1, ECF No. 20-1. This is a reasonable amount of time spent on a reply brief, as it is within the time frame that other courts in this District have found reasonable. See Rachel D., 2024 WL 3948000, at *3; Adam M., 2024 WL 2931199, at *3; Barbour, 993 F. Supp. 2d at 293; Pereira, 739 F. Supp. 2d at 272. Accordingly, the Court awards Plaintiff $1,108.28 in attorney's fees in addition to the Court's previously determined fee award, for a total award of $12,745.62 in attorney's fees.[5]

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees is granted in part and denied in part. Plaintiff is awarded $12,745.62 in attorney's fees, pursuant to 28 U.S.C. § 2412. As Plaintiff has waived direct payment of this attorney's fees award, payment shall be made to Plaintiff's counsel, Olinsky Law Group, provided that Plaintiff has no outstanding federal debt subject to an administrative offset, and the Commissioner of Social Security waives application of the Anti-Assignment Act. See Pl.'s Waiver of Direct Payment, ECF No. 17-2; Martin v. Comm'r Soc. Sec., No. 18 Civ. 3581 (RRM), 2022 WL 4662086, at *3 (E.D.N.Y. Sept. 30, 2022) (citations omitted).

Dated: Brooklyn, New York
       March 29, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[5] 11,637.34 + 1,108.28.